FILED

2020 MAY 20 P 3 13

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

January 2019 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>JENNINGS RYAN STALEY,<br><br>          Defendant. | Case No. **20 CR 1227 GPC**<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Sec. 1341 – Mail Fraud; Title 18, U.S.C., Sec. 981(a)(1)(C), and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

The grand jury charges, at all times material to the Indictment:

### Introductory Allegations

**A.   COVID-19, hydroxychloroquine and chloroquine**

1.   COVID-19 is an infectious disease caused by a newly discovered coronavirus. This new virus was unknown before the outbreak began in Wuhan, China, in December 2019. The most common symptoms of COVID-19 are fever, tiredness, and dry cough, although around 1 out of every 6 people who gets COVID-19 becomes seriously ill and develops difficulty breathing. On March 11, 2020, the World Health Organization ("WHO") recognized the outbreak as a "pandemic." As of April 5, 2020, the WHO reported over 1.1 million cases worldwide, with over 60,000 deaths. The WHO web site stated, "At this time, there are no specific vaccines or treatments for COVID-19. However, there are many ongoing clinical trials evaluating potential treatments."

NWP:nlv:San Diego:5/20/20

2. As of April 7, 2020, the Centers for Disease Control and Prevention ("CDC") noted that there were "no drugs or other therapeutics approved by the U.S. Food and Drug Administration ["FDA"] to prevent or treat COVID-19." The CDC noted that two "oral prescription drugs that have been used for treatment of malaria and certain inflammatory conditions," namely hydroxychloroquine and chloroquine, were "under investigation in clinical trials for pre-exposure or post-exposure prophylaxis of SARS-CoV-2 infection, and treatment of patients with mild, moderate, and severe COVID-19."

3. By letter dated March 28, 2020, the FDA noted that "[c]hloroquine phosphate and hydroxychloroquine sulfate are not FDA-approved for treatment of COVID-19." The FDA encouraged the conduct of clinical trials to determine the effectiveness of these drugs in treating COVID-19. However, the FDA determined that "[b]ased on the totality of scientific evidence available to FDA, it is reasonable to believe that chloroquine phosphate and hydroxychloroquine sulfate may be effective in treating COVID-19," and that circumstances warranted the emergency approval of the drugs. Accordingly, the FDA authorized "the emergency use of chloroquine phosphate and hydroxychloroquine sulfate, . . . when clinical trials are not available, or participation is not feasible," subject to the specific terms of the authorization letter. These terms included requirements that the medications be distributed from the Strategic National Stockpile to public health authorities, and that they "may only be used to treat adult and adolescent patients who weigh 50 kg or more hospitalized with COVID-19 for whom a clinical trial is not available, or participation is not feasible."

**B.   Skinny Beach offered to sell hydroxychloroquine to healthy people**

4.   Skinny Beach Med Spa ("Skinny Beach") was a business based in San Diego, California that advertised services such as weight loss programs, hyperbaric oxygen therapy, Botox, tattoo removal, hair removal, and fat transfer. Skinny Beach was owned and operated by defendant JENNINGS RYAN STALEY, a medical doctor who was licensed by the State of California.

5.   In and around March 2020, Skinny Beach began advertising COVID-19 treatment packs, using email solicitation and a third-party website. Skinny Beach offered a "COVID-19 Concierge Medicine Pack (Family)" for $3,995.00, which included, among other things:

   a.   "Hydroxychloroquine and Azithromycin for you and all members of your family[,]" and the option to keep these medicines at the customer's home or at Skinny Beach's offices;

   b.   "COVID-19 ELISA testing IgG and IgM to determine if you are infected currently or previously[,]" without reference to any requirement that the customer display symptoms of or risk factors for exposure to COVID-19; and

   c.   "Anti-anxiety treatments to help you avoid panic if needed and help you sleep[.]"

Skinny Beach's marketing indicated that STALEY would instruct the customer when to "activate" the medications by taking them.

### Count 1

### Mail Fraud

### 18 U.S.C. § 1341

6.   The foregoing paragraphs are hereby incorporated by reference as if fully stated herein.

1    7.  Beginning no later than March 27, 2020, and continuing up to at least April 9, 2020, within the Southern District of California, defendant JENNINGS RYAN STALEY, knowingly and with the intent to defraud, devised a material scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

8.  It was the purpose of the scheme to defraud a Skinny Beach customer of thousands of dollars by falsely claiming that the medicines that STALEY would sell to the customer were guaranteed to cure COVID-19 and provide immunity to COVID-19 for a period of time.

9.  To execute the scheme, STALEY used the following manner and means:

    a.  Skinny Beach solicited customers by sending out mass emails advertising COVID-19 treatments;

    b.  STALEY solicited customers via a dedicated web site, "covid19medkits.com," which also advertised COVID-19 treatments;

    c.  STALEY responded to an inquiry from a potential Skinny Beach customer by making false promises about the ability of its advertised medicines to cure or provide immunity from COVID-19, including statements that the medicines were a "magic bullet," that they "cure[] the disease[,]" that they were "almost too good to believe," and that the cure would be "100%";

    d.  STALEY did not require any medical analysis or evaluation of the prospective customer before providing the customer with the medicines; and

    e.  STALEY collected or caused to be collected a fee of $4,000 from the customer in exchange for the medicines and their associated treatments.

4

10. For the purpose of executing the above-described scheme, on or about April 9, 2020, within the Southern District of California, STALEY knowingly caused to be delivered by mail a package containing a "COVID-19 Treatment Pack," which he had caused to be mailed to the customer in exchange for payment of $4,000.

All in violation of Title 18, United States Code, Section 1341.

## CRIMINAL FORFEITURE

11. The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

12. Upon conviction of the offense in violation of Title 18, United States Code, Section 1341 set forth in this Indictment, defendant JENNINGS RYAN STALEY shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property, real and personal, which constitutes or is derived from proceeds of the offense and all property traceable to such property.

13. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty, the United States of America shall be

entitled to forfeiture of substitute property pursuant to Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

DATED: May 20, 2020.

A TRUE BILL:

_____
Foreperson

ROBERT S. BREWER, JR.
United States Attorney

By: _____
NICHOLAS W. PILCHAK
Assistant U.S. Attorney

6