**FILED**

JUL 1 6 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

1  RANDY S. GROSSMAN
   Acting U.S. Attorney
2  NICHOLAS W. PILCHAK
   California Bar No. 331711
3  JACLYN STAHL
   California Bar No. 295467
4  Assistant U.S. Attorneys
5  880 Front Street, Room 6293
   San Diego, California 92101
6  Telephone:(619) 546-9709/8456
   Email: Nicholas.Pilchak@usdoj.gov
7
   Attorneys for the United States
8
            UNITED STATES DISTRICT COURT
9
            SOUTHERN DISTRICT OF CALIFORNIA
10
   UNITED STATES OF AMERICA,          Case No. _20-cr-1227-GPC
11
              Plaintiff,
12       v.                           PLEA AGREEMENT
13  JENNINGS RYAN STALEY,
14              Defendant.
15
16
17      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA,
18  through its counsel, Randy S. Grossman, Acting U.S. Attorney, Nicholas
19  W. Pilchak and Jaclyn Stahl, Assistant U.S. Attorneys, and Defendant,
20  JENNINGS RYAN STALEY, with the advice and consent of his counsel, Patrick
21  M. Griffin, as follows:
22                              I
23                          **THE PLEA**
24      Defendant agrees to plead guilty to Count Four of the Superseding
25  Indictment, charging that
26      On or about April 16, 2020, within the Southern District of
        California, defendant JENNINGS RYAN STALEY did fraudulently
27      and knowingly import and bring into the United States, and
        willfully cause to be imported and brought into the United
28      States, merchandise, to wit, 12 kilograms of baking soda

                                        Def. Initials _____

1   labeled as yam extract, contrary to law, in that he knowingly
2   effected the entry of such merchandise upon a false
    classification as to quality and value, in violation of Title
    18, United States Code, Section 541.

3   All in violation of Title 18, United States Code, Sections
4   545 and 2.

5       In exchange for entering a plea pursuant to this agreement, the
6   United States agrees to (1) move to dismiss the remaining charges
7   against Defendant without prejudice when Defendant is sentenced, and
8   (2) not prosecute Defendant thereafter on such dismissed charges. The
9   only exceptions are if Defendant breaches the terms of this plea
10  agreement or if Defendant's guilty plea is set aside for any reason.
11  If Defendant breaches this agreement or his guilty plea is set aside,
12  section XII below shall apply.

13      In addition, Defendant consents to the forfeiture allegations in
14  the Superseding Indictment and the provisions of the attached financial
15  addendum. **In order to receive the benefits of this plea agreement,**
16  **Defendant must enter a change of plea before a U.S. Magistrate Judge on**
17  **or before July 15, 2021.**

18                              II

19                    **NATURE OF THE OFFENSE**

20  **A.   ELEMENTS EXPLAINED**

21      The offense to which Defendant is pleading guilty has the following
22  element:

23                            Count 4

24  1.   Defendant fraudulently or knowingly imported merchandise into
         the United States contrary to a specific law.
25

26      It is unlawful under Title 18, United States Code, Section 541 to
27  knowingly effect "entry of any goods, wares or merchandise . . . upon
28  a false classification as to the quality or value."

                              2

                         Def. Initials _AM_
                         20-CR-1227-GPC

As to forfeiture, Defendant understands that the United States would have to prove by a preponderance of the evidence that any property it seeks to forfeit constitutes merchandise introduced into the United States in violation of Title 18, United States Code, Section 545, or the value thereof, or is property, real and personal, which constitutes or is derived from the proceeds of the offense or property traceable to such property.

**B.   <u>ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS</u>**

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.   As a licensed medical doctor and the proprietor of Skinny Beach Med Spa, Defendant marketed and sold "treatment packs" for treating COVID-19 to members of the public in March and April 2020 in the Southern District of California.

2.   In an effort to obtain the drug hydroxychloroquine for use in his COVID-19 treatment packs, on March 28, 2020, Defendant sent a message to one of his employees, Employee 1, asking whether Employee 1 had any "extra" hydroxychloroquine tablets from the employee's prior prescription for treatment of her preexisting condition. On March 29, 2020, Defendant wrote a prescription for 180 tablets of 200mg hydroxychloroquine for Employee 1 without Employee 1's knowledge or consent. Using Employee 1's name, address, date of birth, and answering questions as though he were Employee 1, Defendant later used this prescription to obtain 90 hydroxychloroquine tablets, which he then sold as part of his treatment packs.

3.   In a further effort to obtain hydroxychloroquine, Defendant corresponded with merchants in China who purported to supply bulk quantities of the drug. On or about March 30, 2020, Defendant corresponded with one such merchant, "Kevin Yang," about importing kilogram quantities of hydroxychloroquine powder. Defendant agreed with Yang that Yang would deliberately mislabel the shipment as "yam extract" in order to fool U.S. Customs and ensure that the shipment would not be rejected or delayed. Defendant admits that, by this conduct, he knowingly and willfully intended to cause Yang to import a shipment of 12 kilograms of what Defendant believed

3

Def. Initials _____

20-CR-1227-GPC

1   to be hydroxychloroquine powder using a false classification
2   of quality and value by mislabeling it as yam extract in order
3   to deceive U.S. Customs. Defendant admits that this was
    contrary to Title 18, United States Code, Section 541, even
    though the shipment ultimately contained baking soda rather
    than hydroxychloroquine.

4   4.   Defendant marketed his COVID-19 treatment packs using, among
         other things, statements about the efficacy of the drugs they
5        included. For example, on April 3, 2020, Defendant told an
         undercover agent claiming to be a prospective patient that
6        hydroxychloroquine and mefloquine would cure COVID-19 "one
         hundred percent," and would provide at least six weeks of
7        immunity, and that hydroxychloroquine was a "magic bullet,"
         an "amazing weapon," "almost too good to be true," an "amazing
8        cure," and a "miracle cure." Defendant admits that these
         statements were material. On April 6, 2020, Defendant offered
9        the undercover agent Viagra and Xanax without collecting any
         medical information about the undercover agent or the agent's
10       purported family members. On April 6, 2020, Defendant and
         his staff then mailed six treatment packs to the undercover
11       agent, which included hydroxychloroquine, chloroquine,
         generic Viagra, Xanax, and azithromycin, in exchange for
12       $4,000. Defendant admits that, as a doctor, he abused a
         position of public trust and used a special skill in carrying
13       out this conduct.

14  5.   On April 10, 2020, Defendant told federal agents, asking
         whether Skinny Beach had ever said that its COVID-19 treatment
15       packages were a "one hundred percent effective cure," that,
         "No . . . that would be foolish. We would never have said
16       anything like that." On April 16, 2020, when asked whether
         he and Skinny Beach would get all of the relevant information
17       about each family member before sending out medications in a
         COVID-19 family treatment kit, Defendant told federal agents
18       "Absolutely!" Defendant expressly admits that, by this
         conduct, he willfully attempted to obstruct and impede the
19       administration of justice with respect to the investigation
         of his conduct.
20

21                                 III

22                              **PENALTIES**

23   The crime to which Defendant is pleading carries the following
24  penalties:

25   A.   a maximum of 20 years in prison;

26   B.   a maximum fine of $250,000 or twice Defendant's gross gain;

27   C.   a mandatory special assessment of $100;

28
                                    4
                                        Def. Initials ___
                                        20-CR-1227-GPC

D.    a term of supervised release of up to 3 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release; and

E.    forfeiture of all merchandise introduced into the United States in violation of Title 18, United States Code, Section 545, or the value thereof, and all property, real and personal, which constitutes or is derived from the proceeds of the offense and all property traceable to such property.

F.    Defendant further understands that, by pleading guilty, Defendant may become ineligible for certain federal benefits.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.    A speedy and public trial by jury;

C.    The assistance of counsel at all stages;

D.    Confront and cross-examine adverse witnesses;

E.    Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.    Not testify or have any adverse inferences drawn from the failure to testify.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The United States will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the United States would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the United States

5

Def. Initials _J-A_
20-CR-1227-GPC

1 would be required to provide information in its possession that supports

2 such a defense. By pleading guilty Defendant will not be provided this

3 information, if any, and Defendant waives any right to this information.

4 Defendant will not attempt to withdraw the guilty plea or to file a

5 collateral attack based on the existence of this information.

**VI**

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened Defendant or Defendant's family to induce this guilty plea.

D. Defendant is pleading guilty because Defendant is guilty and for no other reason.

**VII**

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's

Office for the Southern District of California, and cannot bind any

other authorities in any type of matter, although the United States

6

Def. Initials _____
20-CR-1227-GPC

1  will bring this plea agreement to the attention of other authorities if
2  requested by Defendant.

3                                  **VIII**

4                **APPLICABILITY OF SENTENCING GUIDELINES**

5      The sentence imposed will be based on the factors set forth in 18
6  U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must
7  consult the United States Sentencing Guidelines (Guidelines) and take
8  them into account.  Defendant has discussed the Guidelines with defense
9  counsel and understands that the Guidelines are only advisory, not
10 mandatory. The Court may impose a sentence more severe or less severe
11 than otherwise applicable under the Guidelines, up to the maximum in
12 the statute of conviction. **Defendant agrees to request that the Court**
13 **order a presentence report**.  The sentence cannot be determined until a
14 presentence report is prepared by the U.S. Probation Office and defense
15 counsel and the United States have an opportunity to review and
16 challenge the presentence report. Nothing in this plea agreement limits
17 the United States' duty to provide complete and accurate facts to the
18 district court and the U.S. Probation Office.

19                                   **IX**

20             **SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE**

21     This plea agreement is made pursuant to Federal Rule of Criminal
22 Procedure 11(c)(1)(B). The sentence is within the sole discretion of the
23 sentencing judge who may impose the maximum sentence provided by statute.
24 It is uncertain at this time what Defendant's sentence will be. The United
25 States has not made and will not make any representation about what
26 sentence Defendant will receive. Any estimate of the probable sentence by
27 defense counsel is not a promise and is not binding on the Court. Any
28

Def. Initials _JM_
20-CR-1227-GPC

1   recommendation by the United States at sentencing also is not binding on
2   the Court. If the sentencing judge does not follow any of the parties'
3   sentencing recommendations, Defendant will not withdraw the plea.

4                                      X

5                    **PARTIES' SENTENCING RECOMMENDATIONS**

6   **A.    SENTENCING GUIDELINE CALCULATIONS**

7       Although the Guidelines are only advisory and just one factor the
8   Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence,
9   the parties will jointly recommend the following Base Offense Level,
10  Specific Offense Characteristics, Adjustments, and Departures:

11          1.   Base Offense Level, § 2T3.1                          4
12          2.   Abuse of trust and special skill, § 3B1.3           +2
13          3.   Obstruction of Justice, § 3C1.1                     +2[1]
14          4.   Acceptance of responsibility, § 3E1.1(a)           -2
15          5.   Uncharged conduct, § 5K2.0                          +5[2]

16                                          .                        11

17  **B.    ACCEPTANCE OF RESPONSIBILITY**

18      Despite paragraph A above, the United States need not recommend an
19  adjustment for Acceptance of Responsibility if Defendant engages in
20  conduct inconsistent with acceptance of responsibility including, but
21  not limited to, the following:

22          1.   Fails to truthfully admit a complete factual basis as
23               stated in the plea at the time the plea is entered, or

24  _____
25  [1]  Defendant expressly agrees that the adjustment under USSG § 3C1.1
     applies, notwithstanding comment note 5.

26  [2]  The parties agree to jointly recommend this departure based upon
27  Defendant's engaging in the conduct charged in Counts 2 and 8 of the
     Superseding Indictment, and the United States' agreement to dismiss
28  those counts at sentencing pursuant to this agreement.

                                        Def. Initials  ＶＷ
                                        20-CR-1227-GPC

falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the United States, the Court or probation officer; or

4.   Breaches this plea agreement in any way.

**C.   NO FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553**

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553, but Defendant may not dispute the base offense level, adjustments, and departures specifically provided for above. The United States will oppose any additional downward adjustments, departures, or variances not set out in Section X.A. above.

**D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY**

The parties have no agreement as to Defendant's Criminal History Category.

**E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION**

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

**F.   UNITED STATES' RECOMMENDATIONS REGARDING CUSTODY**

The United States will recommend that Defendant be sentenced to twelve months and a day in custody.

**G.   SPECIAL ASSESSMENT/FINE/FORFEITURE**

**1.   Special Assessment**

The parties will jointly recommend that defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Defendant shall pay the special assessment through the office of the Clerk of the District Court

9

Def. Initials _O·M_
20-CR-1227-GPC

1  by bank or cashier's check or money order made payable to the "Clerk,
2  United States District Court."

3  **2.   Fine**

4  The parties will jointly recommend that Defendant pay a fine in
5  the amount of $10,000.00.

6  **3.   Forfeiture**

7  The parties agree that forfeiture shall be governed by the
8  provisions of the attached financial addendum.

9  **H.   SUPERVISED RELEASE**

10  If the Court imposes a term of supervised release, Defendant agrees
11  that he will not seek to reduce or terminate early the term of supervised
12  release until he has served at least 2/3 of his term of supervised
13  release or probation and has fully paid and satisfied any special
14  assessments, fine, criminal forfeiture judgment and restitution
15  judgment imposed by the Court.

16                                    **XI**

17              **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

18  Defendant waives (gives up) all rights to appeal and to collaterally
19  attack every aspect of the conviction and sentence, including any
20  forfeiture order.  The only exceptions are: 1) Defendant may appeal a
21  custodial sentence above the greater of 36 months or the high end of the
22  guideline range recommended by the United States at sentencing (if USSG
23  § 5G1.1(b) applies, the high end of the range will be the statutorily
24  required mandatory minimum sentence); and 2) Defendant may collaterally
25  attack the conviction or sentence on the basis that Defendant received
26  ineffective assistance of counsel.  Defendant also explicitly waives any
27  challenge to the constitutionality of the statutes to which Defendant is

28

                                      10

1 pleading.   If Defendant appeals, the United States may support on appeal
2 the sentence or forfeiture order actually imposed.

3                                    **XII**

4                      **BREACH OF THE PLEA AGREEMENT**

5        Defendant and Defendant's attorney know the terms of this agreement
6 and shall raise, before the sentencing hearing is complete, any claim
7 that the United States has not complied with this agreement. Otherwise,
8 such claims shall be deemed waived (that is, deliberately not raised
9 despite awareness that the claim could be raised), cannot later be made
10 to any court, and if later made to a court, shall constitute a breach
11 of this agreement.

12       Defendant breaches this agreement if Defendant violates or fails
13 to perform any obligation under this agreement. The following are non-
14 exhaustive examples of acts constituting a breach:

15           1.    Failing to plead guilty pursuant to this agreement;

16           2.    Failing to fully accept responsibility as established in
                   Section X, paragraph B, above;
17

18           3.    Failing to appear in court;

19           4.    Attempting to withdraw the plea;

20           5.    Failing to abide by any court order related to this case;

21           6.    Appealing (which occurs if a notice of appeal is filed)
                   or collaterally attacking the conviction or sentence in
22                 violation of Section XI of this plea agreement; or

23           7.    Engaging in additional criminal conduct from the time of
                   arrest until the time of sentencing.

24       If Defendant breaches this plea agreement, Defendant will not be
25 able to enforce any provisions, and the United States will be relieved
26 of all its obligations under this plea agreement. For example, the
27 United States may proceed to sentencing but recommend a different
28

                                     11

                              Def. Initials [signature]
                              20-CR-1227-GPC

1 sentence than what it agreed to recommend above. Or the United States
2 may pursue any charges including those that were dismissed, promised to
3 be dismissed, or not filed as a result of this agreement (Defendant
4 agrees that any statute of limitations relating to such charges is
5 tolled indefinitely as of the date all parties have signed this
6 agreement; Defendant also waives any double jeopardy defense to such
7 charges). In addition, the United States may move to set aside
8 Defendant's guilty plea. Defendant may not withdraw the guilty plea
9 based on the United States' pursuit of remedies for Defendant's breach.

10     Additionally, if Defendant breaches this plea agreement: (i) any
11 statements made by Defendant, under oath, at the guilty plea hearing
12 (before either a Magistrate Judge or a District Judge); (ii) the factual
13 basis statement in Section II.B in this agreement; and (iii) any
14 evidence derived from such statements, are admissible against Defendant
15 in any prosecution of, or any action against, Defendant. This includes
16 the prosecution of the charge that is the subject of this plea agreement
17 or any charge(s) that the United States agreed to dismiss or not file
18 as part of this agreement, but later pursues because of a breach by
19 the Defendant. Additionally, Defendant knowingly, voluntarily, and
20 intelligently waives any argument that the statements and any evidence
21 derived from the statements should be suppressed, cannot be used by the
22 United States, or are inadmissible under the United States Constitution,
23 any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
24 the Federal Rules of Criminal Procedure, and any other federal rule.

25
26
27
28

12

Def. Initials _____
20-CR-1227-GPC

1    **XIII**

2    **CONTENTS AND MODIFICATION OF AGREEMENT**

3    This plea agreement embodies the entire agreement between the

4    parties and supersedes any other agreement, written or oral. No

5    modification of this plea agreement shall be effective unless in writing

6    signed by all parties.

7    **XIV**

8    **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

9    By signing this agreement, Defendant certifies that Defendant has

10   read it (or that it has been read to Defendant in Defendant's native

11   language). Defendant has discussed the terms of this agreement with

12   defense counsel and fully understands its meaning and effect.

13   //

14   //

15   //

16   //

17   //

18   //

19   //

20   //

21   //

22   //

23   //

24   //

25   //

26   //

27   //

28

13

Def. Initials _O̶P̶_

20-CR-1227-GPC

1

XV

**DEFENDANT SATISFIED WITH COUNSEL**

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

                                    RANDY S. GROSSMAN
                                    Acting U.S. Attorney

July 14, 2021
_____
DATED                               _____
                                    NICHOLAS W. PILCHAK
                                    JACLYN STAHL
                                    Assistant U.S. Attorneys


7/13/21
_____
DATED                               _____
                                    PATRICK M. GRIFFIN
                                    Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

7/13/2021
_____
DATED                               _____
                                    JENNINGS RYAN STALEY
                                    Defendant

Approved By:

*Aaron Arnzen*
_____
Aaron P. Arnzen
Assistant U.S. Attorney

14

Def. Initials _JRS_
20-CR-1227-GPC

**United States v. Jennings Ryan STALEY**, Case No. **20-cr-1227-GPC**

**FINANCIAL ADDENDUM**

1.   Defendant's conviction will include financial penalties such as a forfeiture and fine.  This Financial Addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

**A.   Forfeiture**

i.   In addition to the penalties outlined in the plea agreement, federal law states Defendant must forfeit to the United States all merchandise introduced into the United States in violation of Title 18, United States Code, Section 545, or the value thereof, and all property, real and personal, which constitutes or is derived from the proceeds of the offense and all property traceable to such property.

ii.  As part of Defendant's guilty plea to Count 4 of the Superseding Indictment, as set forth in section I of the plea agreement, Defendant agrees to forfeit, via entry of a personal money judgment against Defendant, the amount of **$4,000.00**.  In addition to the mandatory forfeiture described above, Defendant also agrees and consents to the forfeiture to the United States of all property seized in connection with this case, including but not limited to:

        a.   27 tablets of 200mg hydroxychloroquine;

        b.   650 tablets of 250mg mefloquine;

        c.   3,175 tablets of 1mg alprazolam;

        d.   50 tablets of 100mg sildenafil;

        e.   997 tablets of 500mg azithromycin; and

        f.   5 bags of bulk empty capsules; and

        g.   One (1) manual capsule-filling machine.

Financial Addendum                          Def. Initials _JRS_
                                            20-CR-1227-GPC

1          iii. The money judgment against Defendant represents monies
2  subject to forfeiture to the United States as the value of merchandise
3  introduced to the United States in violation of Title 18, United States
4  Code, Section 545, and is subject to forfeiture to the United States
5  pursuant to Title 18, United States Code, Section 982(a)(2). Defendant
6  agrees that the personal properties represents properties that are
7  subject to forfeiture to the United States pursuant to Title 18, United
8  States Code, Sections 981 and 982, Title 21, United States Code, Section
9  881, and Title 28, United States Code, Section 2641(c).

10         iv.  Defendant consents and agrees to the immediate entry of
11  an order of forfeiture upon entry of the guilty plea. Defendant agrees
12  that upon entry of the order of forfeiture, such order shall be final
13  as to Defendant. Defendant agrees to immediately withdraw any claims in
14  pending administrative or civil forfeiture proceedings to properties
15  seized in connection with this case that are directly or indirectly
16  related to the criminal conduct. Defendant agrees that upon signing
17  this Financial Addendum, he is withdrawing both upon his own behalf and
18  on behalf of his business, all claims filed in any and all
19  administrative forfeiture proceedings. Defendant agrees to execute all
20  documents requested by the Government to facilitate or complete the
21  forfeiture process, including but not limited to a Notice of Abandonment
22  and Assent to Forfeiture of Prohibited or Seized Merchandise form.
23  Defendant further agrees not to contest, or to assist any other person
24  or entity in contesting, the forfeiture of property seized in connection
25  with this case. Contesting or assisting others in contesting the
26  forfeiture shall constitute a material breach of the plea agreement,
27  relieving the Government of all its obligations under the agreement

28

Financial Addendum              2             Def. Initials _____
                                             20-CR-1227-GPC

1   including but not limited to its agreement to recommend an adjustment
2   for Acceptance of Responsibility.  Defendant agrees that the criminal
3   forfeiture money judgment imposed by the Court will be (i) subject to
4   immediate enforcement, and (ii) submitted to the Treasury Offset Program
5   (TOP) so that any federal payment or transfer of returned property the
6   Defendant receives may be offset and applied to the outstanding balance
7   on the forfeiture judgment. Defendant waives all notices with respect
8   to TOP and all offsets.

9           v.   Defendant consents and agrees to the entry of orders of
10  forfeiture for all forfeitable property and waives the requirements of
11  Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of
12  the  forfeiture  in  the  charging  instrument,  announcement  of  the
13  forfeiture at sentencing, and incorporation of the forfeiture in the
14  judgment. Defendant understands that the forfeiture of assets is part
15  of the sentence that must be imposed in this case and waives any failure
16  by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J),
17  at the time the Court accepts the guilty plea(s).

18          vi.   Defendant agrees to take all steps as requested by the
19  United States to pass clear title to forfeitable assets to the United
20  States and to testify truthfully in any judicial forfeiture proceeding.

21          vii. Defendant agrees that the forfeiture provisions of this
22  plea agreement are intended to, and will, survive defendant, notwith-
23  standing the abatement of any underlying criminal conviction after the
24  execution of this agreement. The forfeitability of any particular prop-
25  erty pursuant to this agreement shall be determined as if defendant had
26  survived,  and  that  determination  shall  be  binding  upon  defendant's
27
28

1 heirs, successors and assigns until the agreed forfeiture, including
2 the **$4,000.00** agreed-upon money judgment, is collected in full.

3          viii.    Defendant  acknowledges  and  agrees  that  the
4 forfeiture in this case includes entry of a personal money judgment
5 against Defendant, and that interest shall accrue on the judgment from
6 the date of entry of the Order of Forfeiture in accordance with 18
7 U.S.C. § 3612(f) and 28 U.S.C. § 1961. The Defendant agrees that the
8 United States may take all actions available to it to collect the full
9 amount of the judgment, including enforcement of the judgment against
10 substitute  assets  as  provided  in  21 U.S.C.  § 853(p)  and  actions
11 available under the Federal Debt Collections Procedure Act. Defendant
12 shall receive credit against the agreed-upon money judgment for any
13 amount of forfeiture paid by his co-defendants in this criminal case,
14 except that any defendant required to pay forfeiture in excess of
15 Defendant's judgment must first pay the amount of the excess before
16 their payments will credit against Defendant's judgment.

17     **B.    FINE**.

18          i.    The parties will jointly recommend a fine of $10,000.00.
19 The parties agree that notwithstanding any Court imposed schedule for
20 payment of a fine, the total amount of the fine shall be due immediately
21 and shall be deemed to be payable forthwith.  Any payment schedule for
22 a fine imposed by the Court establishes only a minimum obligation.
23 Regardless of Defendant's compliance, any payment schedule does not
24 foreclose the United States from exercising all legal actions, remedies,
25 and process available to collect the fine, including but not limited to
26 remedies pursuant to 18 U.S.C. § 3613.

27
28

Financial Addendum                    4              Def. Initials _____
                                                      20-CR-1227-GPC

2. The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of Defendant's tax returns until the fine is paid in full and forfeiture proceedings are completed, and Defendant will promptly execute any documents necessary to carry out this authorization.

3. Not later than 30 days after execution of the plea agreement, Defendant shall complete and provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's current and projected assets and financial interests valued at more than $1,000. These include all assets and financial interests in which Defendant has an interest (or had an interest prior to April 15, 2020), direct or indirect, whether held in Defendant's name or in the name of another, in any property, real or personal, including marital and community property. Defendant shall also identify all assets valued at more than $1,000 which have been transferred to any third party since April 15, 2020, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant for the transferred assets. Defendant will provide complete, updated financial information promptly upon request.

4. From the date this plea agreement is executed until the fine, forfeiture and/or restitution is paid in full and forfeiture proceedings are completed, Defendant shall notify the Asset Recovery Section, United States Attorney's Office, of (i) any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, and (ii) at

1 | least 30 days before Defendant transfers any interest in property owned
2 | directly or indirectly by Defendant worth over $1,000. This obligation
3 | covers any interest in property obtained under any other name or entity,
4 | including a trust, partnership or corporation. The parties will jointly
5 | recommend that this requirement also be imposed as a condition of su-
6 | pervised release.

7 | 5.   Defendant shall immediately notify the Asset Recovery Section of
8 | the United States Attorney's Office of any material change in Defend-
9 | ant's financial condition.

10 | 6.   Defendant will make a good faith to pay all forfeiture, restitution
11 | and the fine ordered by the Court. Regardless of Defendant's compliance
12 | with any payment schedule established by the Court, any payment schedule
13 | does not limit the United States' ability to collect additional amounts
14 | from Defendant through all available collection remedies at any time.
15 | Defendant waives all demands for payment of the restitution and fine.
16 | Defendant agrees to the entry of the restitution and fine into the
17 | Treasury Offset Program ("TOP") and waives all notices of TOP and off-
18 | sets, and waives all rights to contest TOP offsets.

19 | 7.   The fine shall be paid through the Office of the Clerk of the
20 | District Court by bank or cashier's check or money order referencing
21 | the criminal case number and made payable to the "Clerk, United States
22 | District Court."

23 | //
24 | //
25 | //
26 | //
27 | //
28 |

Financial Addendum                     6                Def. Initials  _JRR_
                                                         20-CR-1227-GPC

1    Defendant understands that the main plea agreement and this
2 financial addendum embody the entire plea agreement between the parties
3 and supersedes any other agreement, written or oral.

4

5

6    _7/13/2021_
     Date

7

8    _7/13/2021_
9    Date

10

11   July 14, 2021
12   Date

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JENNINGS / RYAN STALEY
Defendant

PATRICK M. GRIFFIN
Defense Counsel

RANDY S. GROSSMAN
Acting United States Attorney
**NICHOLAS W. PILCHAK**
**JACLYN STAHL**
Assistant U.S. Attorneys

Financial Addendum                          7                    Def. Initials _ORS_
                                                                  20-CR-1227-GPC